IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KENDALYNN JACKSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|  v. | )   Case No. 17-3106 |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| COMMERCE & ECONOMIC | ) |
| OPPORTUNITY, VICTOR NARUSIS | ) |
| and BEN DENNEY, | ) |
| | ) |
|     Defendants. | ) |

OPINION

RICHARD MILLS, United States District Judge:

Plaintiff Kendalynn Jackson filed a three count complaint pursuant to 42 U.S.C. § 1983. Pending is the Defendants' motion for partial judgment on the pleadings.

I.

Plaintiff Kendalynn Jackson, an African-American female, is employed by Defendant Illinois Department of Commerce & Economic Opportunity ("the Department") as a Public Service Administrator, Option 1, in the DCEO's Office of Business Development. Her employment commenced on September 16, 2014.

1

The Department is an agency of the State of Illinois that employs more than 200 people. Defendant Victor Narusis is employed by the Department as the Deputy Director of its Office of Business Development. Defendant Ben Denney is employed by the Department as the Assistant Deputy Director of its Office of Business Development. The Plaintiff's immediate supervisor is Denney and Narusis is Denney's supervisor.

In Count I, the Plaintiff alleges that Narusis and Denney discriminated against her because of her gender, in violation of the Fourteenth Amendment's Equal Protection Clause. In Count II, the Plaintiff alleges that Narusis and Denney discriminated against her because of her race, in violation of the Equal Protection Clause. In Count III, the Plaintiff alleges that all Defendants retaliated against her in violation of the Illinois State Officials and Employees Ethics Act ("Ethics Act"), 5 ILCS 430/15.

II.

A. Legal standard

A motion for judgment on the pleadings under Rule 12(c) is subject to the same analysis as a motion to dismiss under Rule 12(b)(6). *See Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). Therefore, the Court accepts as true all the facts alleged in the complaint and draws all reasonable inferences therefrom. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). "[A]

complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis." *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (internal quotation marks omitted). Courts must consider whether the complaint states a "plausible" claim for relief. *See id.* The complaint must do more than assert a right to relief that is "speculative." *See id.*

B. Ethics Act claim against Department

The Defendants first assert that Plaintiff's state law Ethics Act claim asserted in Count III against the Department is barred by the Eleventh Amendment. Sovereign immunity bars federal suits brought against a state by its own citizens. *See Hans v. Louisiana*, 134 U.S. 1, 15 (1890); *Kroll v. Bd. of Trustees*, 934 F.2d 904, 907 (7th Cir. 1991). A state agency is treated as a state under the Eleventh Amendment and is thus immune from suit. *Kroll*, 934 F.2d at 907.

The Plaintiff acknowledges that the Eleventh Amendment precludes consideration of an Ethics Act claim against the Department in federal court. Accordingly, the Ethics Act claim asserted in Count III against the Department will be dismissed.

C. Claims against individual Defendants

The Defendants state that the Eleventh Amendment immunity principle also "applies to suits for money damages against state officials in their official capacities." *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). To the extent that the claims asserted in Count III against Defendants Narusis and Denney are in their official capacities, those claims are barred by the Eleventh Amendment. To the extent the Plaintiff is asserting claims for damages against those Defendants in their individual capacities, the claims are not barred by Eleventh Amendment immunity.

"Except as provided in the Illinois Public Labor Relations Act, the Court of Claims Act, the State Officials and Employees Ethics Act, and Section 1.5 of this Act, the State of Illinois shall not be made a defendant or party in any court." 745 ILCS 5/1. The Court of Claims Act provides the Court of Claims with exclusive jurisdiction of "[a]ll claims against the State for damages in cases sounding in tort, if a like cause of action would lie against a private person or corporation in a civil suit." 705 ILCS 505/8(d).

The Immunity Act extends to suits for damages against State employees which are, in effect, suits against the State. *See Healy v. Vaupel*, 133 Ill.2d 295, 308 (1990). "Under the *Erie* doctrine, state rules of immunity govern actions in federal court alleging violations of state law." *Benning v. Bd. of Regents of Regency Univ.*, 928 F.2d 775, 777 (7th Cir. 1991).

Under certain circumstances, an action is against the State whether or not it is named as a defendant. *See Richman v. Sheahan,* 270 F.3d 430, 441 (7th Cir. 2001); *Healy*, 133 Ill.2d at 308. This occurs when "there are (1) no allegations that an agent or employee of the State acted beyond the scope of his authority through wrongful acts; (2) the duty alleged to have been breached was not owed to the public generally independent of the fact of State employment; and (3) where the complained-of actions involve matters ordinarily within that employee's normal and official functions of the State, then the cause of action is only nominally against the employee." *Healy*, 133 Ill.2d at 309 (citation omitted). Sovereign immunity does not protect a State agent who acts "in violation of statutory or constitutional law or in excess of his authority." *Richman*, 270 F.3d at 441.

The Defendants allege the Plaintiff's Ethics Act claims against Narusis and Denney are barred because the claims are only nominally against them. In Count III, the Plaintiffs claim that Narusis and Denney subjected her to poor performance evaluations because she engaged in protected activity. These are acts that would fall within the scope of the individual Defendants' authority as supervisors. The Plaintiff does not allege that Narusis and Denney were acting outside the scope of their authority when they evaluated her performance or conducted a pre-disciplinary conference with her. The Plaintiff simply alleges that Narusis and Denney knew the allegations of misconduct against Jackson were false.

As for the second element, the Defendants also allege that the duties attributed to Narusis and Denney—conducting proper evaluations and imposing discipline only when warranted—are unique to their positions as Department employees. Because Narusis and Denney would not owe a similar duty to members of the general public outside of their State employment, those Defendants are sued only for their actions as Department employees. The Defendants contend that because the relief sought by the Plaintiff requires State action, her Ethics Act claim is barred by statutory sovereign immunity.

The Plaintiff contends that the Illinois State Lawsuit Immunity Act allows for Ethics Act claims against the State of Illinois. The Plaintiff cites 5 ILCS 430/15-25, which provides in part: "The State employee may be awarded all remedies necessary to make the State employee whole and to prevent future violations of this Article. The circuit courts of this State shall have jurisdiction to hear cases brought under this Article." The statute goes on to list certain remedies.

The Court concludes that the Illinois State Lawsuit Immunity Act precludes the Plaintiff's Ethics Act claim against the individual Defendants in federal court. The individual Defendants are sued because of their work duties, which obviously they have only because of their status as Department employees. The Court takes no position on whether the Plaintiff can pursue these claims in the circuit courts of

this State or the Illinois Court of Claims. The Court holds that the Plaintiff is barred from pursuing its Ethics Act claims against State employees in federal court.

<u>Ergo</u>, the Defendants' motion to dismiss as to Count III [d/e 11] is ALLOWED.

Count III is dismissed without prejudice.

ENTER: January 23, 2019

FOR THE COURT:

<u>/s/ *Richard Mills*</u>
Richard Mills
United States District Judge